(111 So. 219)

## BIRMINGHAM BELT R. CO. v. ELLEN-BURG. (6 Div. 679.)

(Supreme Court of Alabama. Dec. 2, 1926. Rehearing Granted with Modification Jan. 6, 1927.)

Master and servant ⬅️398—Amendment to complaint, under federal Employers' Liability Act, to present case under Workmen's Compensation Law, held not barred by limitation (Code 1923, §§ 7570, 9467, 9513; federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]).

Under Code 1923, §§ 9467, 9513, complaint erroneously setting up cause of action for injuries under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), may be amended more than year after accident to present case under Workmen's Compensation Law, notwithstanding Code 1923, § 7570.

Sayre and Bouldin, JJ., dissenting.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

Petition by the Birmingham Belt Railroad Company for certiorari to the circuit court of Jefferson county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by John W. Ellenburg against the petitioner. Writ denied, and judgment affirmed on rehearing.

Cabaniss, Johnston, Cocke & Cabaniss, and Brewer Dixon, all of Birmingham, for appellant.

Plaintiff failed to file a verified complaint within one year after the alleged accident, and is barred from recovery. Code 1923, § 7570; Honnold, Work. Comp. 765; Georgia Cas. Co. v. Ward (Tex. Civ. App.) 220 S. W. 380; Hendrickson v. Public Service R. Co., 87 N. J. Law, 366, 94 A. 402.

Black & Harris, John C. Arnold, and W. C. Woodall, all of Birmingham, for appellee.

Where an amendment does not set up a new cause of action, or bring in new parties, the running of the statute of limitations is arrested at the date of filing the original pleading. Ala. Con. C. & I. Co. v. Heald, 154 Ala. 580, 45 So. 686; Dallas Mfg. Co. v. Townes, 162 Ala. 630, 50 So. 157; Pickett v. Sou. R. Co., 74 S. C. 236, 54 S. E. 375. The change of the basis of an action from the federal statute to the Workmen's Compensation Act, where the same substantial facts are pleaded merely in different form, is not the beginning of a new cause of action within the operation of the statute. Ala. Con. C. & I. Co. v. Heald, supra; Koennecke v. S. A. L., 101 S. C. 86, 85 S. E. 374; Wilson v. Denver & R. G. R. Co., 68 Colo. 105, 187 P. 1027; Basham v. C. G. W., 178 Iowa, 998, 154 N. W. 1019, 157 N. W. 192; Nash v. M. & St. L., 141 Minn. 148, 169 N. W. 540.

BOULDIN, J. Under our liberal system of pleading and practice, new counts or statements of the cause of action which could have been joined in the original complaint may be added by amendment, and relate back to the beginning of suit as affected by the statute of limitations. Code, § 9513.

In an action brought under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), is an amendment allowable presenting a case under the Workmen's Compensation Law? We think not, for the following reasons: (1) The positive provision of Code, § 7570, that claims "shall be forever barred, * * * unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 7578," should not be modified by a general statute dealing with established forms of action. Ex parte Sloss-Sheffield, etc., Co., 207 Ala. 531, 93 So. 425. (2) Workmen's Compensation Statutes are distinct in purpose, and have prescribed procedure all their own.

The claim to compensation is not based either upon a wrong or tort of either party, nor upon breach of contract. It is a law-made demand or liability based upon the relation of parties, expressive of a public policy to place the burden of accidents due to the hazards of industry in some measure upon the industry itself. In this regard it is in the nature of benefit accident insurance on behalf of the injured employee and dependents. The remedy is by a summary proceeding rather than a regular common-law action.

In ordinary actions, a trial by jury is matter of right upon demand, but in compensation proceedings the judge tries without a jury, unless upon a special plea of misconduct of the employee. If joined in the same action, we have the anomaly of one case being heard by the judge and another by the jury at the same time. In case of dispute of fact as to whether the employee was engaged in interstate commerce, for example, the jury must determine that issue, and thereupon the judge takes up the case as one for compensation vel non.

The measure of recovery and the method of payment are different. In death cases, the beneficiaries of the recovery may be different. Thornton's Federal Liability Act, § 145; Code of Ala. §§ 7552, 7553. Proceedings under the Workmen's Compensation Law may be instituted by either party. Code, § 7578.

The adjustment of controversies is largely administrative; in some jurisdictions committed to Industrial Boards or Commissions. Under our statute it is committed to judges learned in the law, whose proceedings are judicial in character, but subject to review only by certiorari for the limited purpose of supervision by this court to determine whether they have rightly interpreted the law, and whether, when presented by bill of exceptions, there-

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is any evidence in support of their findings and awards.

Without further analysis of the matter, we think compensation proceedings are quite as distinct in purpose and procedure from the ordinary action of law as is a suit at law from a suit in equity. A suit in equity may involve the same "transaction" or "property" and "parties" as an action at law.

Section 9513 must necessarily relate to joinder, originally, or by amendment in actions at law, of counts at law, governable by the same general rules of procedure, and leading to an appropriate judgment at law as known to law courts, and reviewable as such.

We conclude compensation suits are proceedings apart, statutory and distinct in purpose and procedure, and can neither be joined in an original complaint nor by amendment. To do so would bring greater confusion and injury than otherwise. If it be desirable to provide for conversion of suits under the Employers' Liability Acts into compensation suits, and so avoid the running of the statute of limitations in cases of doubt, the remedy must be provided by the Legislature, as has been done touching suits at law and in equity.

Reversed and remanded.

SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

ANDERSON, C. J., and GARDNER and MILLER, JJ., dissent.

MILLER, J. (dissenting). This is a suit by John W. Ellenburg against the St. Louis & San Francisco Railroad Company, the Illinois Central Railroad Company, the Central of Georgia Railroad Company, and the Birmingham Belt Railroad Company. The complaint contained one count. It was filed on the 13th of January, 1923, claiming damages under the federal Employers' Liability Act, in that plaintiff was engaged in interstate commerce at the time of injury, which occurred on December 5, 1922. On motion of the plaintiff, the cause was dismissed as to all defendants, except the Birmingham Belt Railroad Company. It pleaded not guilty. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court the defendant appealed. This court reversed the judgment and remanded the cause, because the action under the evidence should have been brought under the Workmen's Compensation Law of this state, and not under the federal Employers' Liability Act. See Birmingham Belt Railroad Co. v. Ellenburg, 213 Ala. 146, 104 So. 269. The plaintiff then appealed, by certiorari, the cause to the Supreme Court of the United States, and that court denied the writ.

The plaintiff, on the 20th of February, 1926, amended the complaint by striking out the count claiming damages, under the federal liability statute, and by inserting a count or claim for compensation, under the Workmen's Compensation Statute, for the same injury. The original count, which was stricken, was not verified by affidavit, but the amendment was verified and drawn under and according to the requirement of section 7578 of the Code of 1923.

The defendant objected to the allowance of the amendment, and also moved to strike the amendment because: First, it came too late; second, it constitutes a complete departure from the original cause of action stated in count 1, which was stricken; and, third, the original complaint was not verified, and the amendment, which is verified, was not filed within a year, as the provisions of the Workmen's Compensation Law provides. The court overruled the objections to, and the motion to strike, the amendment.

The defendant pleaded that the right of action set up in the amendment was barred by the statute of limitations of one year, as provided by section 7570, Code of 1923. Demurrers of plaintiff to this plea were sustained by the court. The court, then, made an award of compensation on the oral testimony before it in favor of the plaintiff for $15 per week for 300 weeks.

It is true that section 7570 of the Code of 1923 provides:

"In case of a personal injury all claims for compensation under articles 1 and 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable * * * or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 7578 hereof."

This court, in Ex parte Sloss-Sheffield Steel & Iron Co., supra, held as to this statute (section 7570):

"The Legislature in express terms has made section 20a [now 7570, Code of 1923] a statute of limitation."

This statute (section 7570) must be construed in connection with our amendment statute (section 9513 of the Code of 1923), which provides:

"The court must * * * permit the amendment of the complaint * * * by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint * * * and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action so long as they refer to the same transaction * * * and parties as the original."

The original complaint is for damages for the same injury, the same transaction, as the amended complaint. The former seeks

damages for the injury under the federal Employers' Liability Act, and the latter seeks compensation for the same injury under the Workmen's Compensation Statutes of this state. Could this amendment have been included in the original complaint by separate count with the stricken count? If so, then the court did not err in allowing the amendment. Each count refers to the same injury, the same transaction; and each refers to the same parties; so we must hold the amended complaint relates to no new or other cause of action than that presented by the original complaint. And section 9467 provides:

"All actions ex delicto may be joined in the same suit, and may be joined with actions ex contractu arising out of the same transaction, or relating to the same subject-matter, and the issue may be determined separately by the jury."

The original complaint and the amended complaint each present an action arising out of the same transaction, or relating to the same subject-matter; so we must hold that each could have been filed together, included in separate counts in the original complaint; and such an amendment is not barred by the statute (section 7570, Code 1923) of limitations of one year, but it relates back to the commencement of the suit under the amendment statute (section 9513, Code of 1923). If both counts had been filed originally in one complaint, the issue presented by the separate counts in one complaint could be determined separately from the facts by the jury; a proper judgment rendered by the court, and the cost fairly apportioned. Section 9467, Code of 1923.

This court, in Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 586, 45 So. 687, wrote:

"A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other."

See, also, Nash v. Minneapolis & St. L. R. Co., 141 Minn. 148, 169 N. W. 540 and 541.

The original complaint and the amendment contain the same party plaintiff and defendant, the same injury; each seeks compensation for the same wrong; the facts are practically the same; and the only change made by the amendment from the original complaint was from a procedure for compensation for the injury under the federal Employers' Liability Statute to a procedure under a state statute for compensation for the same injury.

So, under the foregoing statutes and authorities, we hold the court did not err in allowing the amendment, nor did it err in sustaining plaintiff's demurrer to the plea of the statute of limitations.

The application for writ of certiorari should be denied, and the judgment affirmed.

ANDERSON, C. J., and GARDNER, J., concur with this dissenting opinion.

## On Rehearing.

MILLER, J. The application for rehearing is granted; the judgment of reversal is set aside; the foregoing dissenting opinion is adopted as the opinion of the court; and the writ is denied and the judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.
SAYRE and BOULDIN, JJ., dissent.

SAYRE, J. It is impossible to avoid sympathy with the plight in which Ellenburg found himself after it had been adjudged by this court and by the Supreme Court of the United States that the railroad company was not answerable to him under the federal statute. But it was then too late to bring an action under the Workmen's Compensation Act; and I am unable to find any justification in law for the course pursued in this case. Ellenburg had no more right to add the count under the Compensation Act than he would have had to bring an original suit under the act at that time. This, because the two actions cannot be joined in the same complaint, the reasons for which Judge BOULDIN has pointed out, and because the statute provides that claims under the Compensation Act "shall be forever barred * * * unless within one year after the accident one of the parties shall have filed a verified complaint." It would in my judgment be impossible to conduct an intelligible trial before a jury of issues formed by the joinder of the two causes of action, and, whatever may be thought of that proposition, it was impossible for Ellenburg to comply with the statute at the time when he filed his amendment. It seems to me to be a perversion of the statute of amendments to hold that a plaintiff may try his case under the federal statute and then, after failing at that, try it over under the Compensation Act of the state, enacted long after the statute of amendments and presenting a situation of which no thought was had when that statute was passed; in other words, I fail to appreciate the proposition that an appeal to the federal act conferred jurisdiction to try under the Compensation Act. I therefore dissent.