THYER MANUFACTURING Co., et al. *v.* KEYS

No. 41031 February 9, 1959 108 So. 2d 876

*Dudley W. Conner, R. L. Calhoun,* Hattiesburg, for appellant.

**232**

*John D. Kervin, Jr.,* Collins, for appellee.

McGehee, C. J.

On January 28, 1955 the claimant, Billy A. Keys, was employed by the appellant, Thyer Manufacturing Company, at Collins, Mississippi and sustained a back injury which arose out of and in the course of his employment. He was engaged in lifting a rafter when he felt a "jerk" in his back. He continued to work without complaint during the remainder of that day. On the following day, Saturday, he did not work, neither did he work on Sunday, January 30. However, on the next day, Monday, he returned to work at the usual hour, and for the first time complained to his supervisor of having sustained an injury to his back on the previous Friday.

He testified that after working a little while on Monday morning he was sent to those in authority at the

plant who, in turn, sent him to Dr. Smith for treatment. Dr. Smith had been his family physician. The doctor, after examining the claimant, had him to go to bed where he remained until February 5, 1955, a period of four days, and during which time he received some medical treatment. The claimant returned to his employment after being discharged by the doctor on February 5, 1955, and worked continuously thereafter at his regular job throughout the year, 1955.

The claimant continued to work at the plant of the Thyer Manufacturing Company throughout the year 1956 until November 18 of that year when he secured more lucrative employment to work for T. M. Hamilton, a contractor at Grand Isle, Louisiana. When the work slowed down there, he returned to his home in December, 1956 at Collins, Mississippi and returned to work for the said appellant in January of 1957. He continued to work there until the middle of February, 1957 when he went back to his employment with T. M. Hamilton in Louisiana where he remained through March 13, 1957. In the meantime, on March 2, 1957, while home at Collins during a weekend from his employment in Louisiana, the claimant went to see Dr. Wagner, who made an examination of him because of his complaints of severe back pain in the lumbar region.

However, both the claimant and his wife testified about his suffering with his back in the early part of the year, 1955, following the injury of January 28, 1955, and about how he had to take aspirin, B. C.'s and Anacin tablets to relieve his pain, which was later discovered on April 16, 1957 to be due to a ruptured disc of the L-4 and L-5 vertebra. For instance, the claimant was asked: "Q. Did you take aspirin along during the year, 1955? A. Yeah. Q. How much? A. I took them all time, just when my back would go to hurting I would take some aspirin or B. C. or Anacin tablets to relieve me. Q. Would you tell the attorney-referee how many you took

during 1955, to the best of your recollection? A. I don't remember. * * *'' There was some testimony to the effect that the claimant was first observed to have a limp in walking after he returned from Grand Isle, Louisiana.

On May 21, 1957 the claimant filed his notice for a hearing in this cause, but did not file Form B-5, the ''Employee's Notice of Injury and Claim for Compensation Benefits'' until June 13, 1957, although the employer's first report of the injury to the claimant was made by John P. Harvey, Assistant Manager of the employer on June 30, 1956.

The precise point at issue at the threshold of this case is whether or not, without going to the merits of the claim, the same is barred by the two-year statute of limitation prescribed by Sec. 6998-18, Code of 1942. The question is not one of notice or want of notice to the employer or the commission, but we have a case where no payment of compensation (other than $21 paid to Dr. Smith for medical treatment in February, 1955) was made, and no application for benefits filed with the commission within two years from the date of the injury, if then, the right to compensation therefor is barred.

It is to be noted that there is a vital distinction between a failure to give notice of a claim and a case where no payment of compensation has been made, and there has been no application for benefits filed with the commission within the time prescribed by Sec. 6998-18, Code of 1942, the first paragraph which reads in full as follows: ''(a) No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury actual notice was received by the employer or by an officer, manager or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not

prejudiced by the employee's failure to give notice. *Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.''* (Emphasis ours.)

The attorney-referee found upon ample testimony that the injury for which compensation is sought in this case occurred on January 28, 1955 and that the same arose out of and in the course of the employment of the claimant. He made an award of compensation. Thereupon the appellants filed a petition for a review by the full commission, setting forth in such petition, and as the first ground assigned for the appeal that the claim was barred by the two-year statute of limitation set forth in the above quotation from Sec. 6998-18, Code 1942. They had filed a motion before the attorney-referee that the claim be dismissed on the record. The record, as made before the attorney-referee, disclosed, according to the undisputed testimony, that the injury for which the claim was made occurred on January 28, 1955, whereas no compensation had been made nor application filed with the commission for benefits within two years from the date of the injury. However, neither the employer nor its insurance carrier had specifically raised the point before the attorney-referee as to the bar of the two-year statute of limitation.

The majority of the members of the full commission held that the above-mentioned statute of limitation applied and they, therefore, reversed the award made by the attorney-referee.

Upon appeal from the decision of the commission to the Circuit Court of Covington County, the trial judge reversed the decision of the commission and reinstated the award made by the attorney-referee. It is from that judgment that this appeal is taken.

It is essential to the proper determination of the issue here presented, that we keep clearly in mind the distinc-

tion between the cases dealing with notice to the commission, employer, and insurance carrier and a case where the *right* to compensation itself is barred by the lapse of the two-year period after the injury. We have not heretofore been called upon to construe that portion of Sec. 6998-18, Code of 1942, which bars the claim itself at the expiration of two years from the date of the injury, except to hold in the case of Trehern v. Grafe Auto Company, 100 So. 2d (Miss.) 786, that the limitation applies to claim for medical treatment the same as it does to a claim for compensation, and in which case the Court among other things said: "It is our opinion that the Legislature of Mississippi intended to put some limit on the time when a claim for medical benefits could be filed and it seems reasonable to us that they intended to put the same limit as they would put on a claim for compensation."

The factual situation in the case of H. C. Moody and Sons, et al. v. Dedeaux, 223 Miss. 832, 79 So. 2d 225, differentiates that case from the one at bar.

Nor do we think that the cases of Shipbuilding Corporation v. Byrd, 215 Miss. 234, 60 So. 2d 645, and Pope v. Wells, 230 Miss. 199, 92 So. 2d 371, are at all controlling here, since those cases were dealing primarily with notice, and the statute in question expressly provides that an "absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice." This portion of Sec. 6998-18, Code of 1942, is quite different from that portion thereof which reads: "Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred."

In Volume 2, Larsen's Workmen's Compensation Law, Sec. 78.41, pages 260 and 261, it is said among other things that: "Except under statutes expressly dating the limitations period from the 'accident', the time for *notice* or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and *probable* compensable character of his injury or disease. * * *" (Emphasis ours) It was for the determination of the commission, as the trier of facts to determine the issue as to whether or not the claimant, as a reasonable man, should have recognized the nature, seriousness and *probable* compensable character of his injury.

Moreover, we think that the statute in question expressly dated the limitations period from the date of the injury, instead of the accident, and that Mr. Larsen primarily had in mind the notice of the claim, instead of an express provision of the statute which bars the *right* of the claimant unless compensation is made or an application for benefits is filed within a statutory period.

In Volume 2, Larsen's Compensation Law, Sec. 78.42 (a) he discusses the troublesome problem in the area of notice and claim, and states: "Twenty-two states date the claim period from the 'accident'; most of the rest date it from the 'injury'. Under the 'injury' type of statute, there is now almost complete judicial agreement that the claim period runs from the time compensable injury becomes apparent * * *."

Most states have afforded judicial relief from statutes which require the giving of *notice* or filing of a claim for a latent disability. Professor Larsen in his work in Volume 2, Sec. 78.43(d) begins by saying: "The obvious remedy is legislative. Whether there is any judicial way around the flat statutory requirement that the period run from the 'accident' is a difficult question. Most courts, as has been indicated, have felt obliged to apply the requirement literally, whatever the consequences. One

court has refused to do so, and has interpreted a straight 'accident' statute as running from the time claimant knows he has a compensable disability. * * * ''

The several sections relied on by the appellee and quoted from Professor Larsen deal to a great extent with the question of notice rather than the precise issue now before us.

 In Volume 100 C. J. S. 300 in the second paragraph thereof it is said: ''Where the act creates a new right and attaches thereto a time limit within which the right shall be enforced, the failure to take steps to enforce it within the required time estinguishes the right. It is considered by some courts as peremption, by which the workman's cause of action itself is absolutely and irrevocably destroyed if not seasonably exercised. Hence, a failure to institute the proceedings within the required time bars the claim for compensation.'' Nor does the fact that the claimant did not definitely ascertain until April 16, 1957 the exact result of the injury from which he had suffered since January 28, 1955 prevent the running of the statute of limitation, since neither the employer nor insurance carrier knowingly or fraudulently concealed from him the result of the injury complained of. Wilder v. St. Joseph Hospital, et al., 225 Miss. 42, 82 So. 2d 651. In the case of Industrial Commission v. Plains Utility Company, 259 P. 2d 282, 127 Colo. 506, the Court held that a specification in a compensation act of time within which a right under the act accrues and can be enforced is a limitation or condition precedent attached to the right, and there is a limitation on liability itself and not alone on the remedy, and compliance therewith is not a procedural matter.

 We are of the opinion that since this Court has repeatedly held that the Workmen's Compensation Commission is the trier of the facts in these cases, and that the attorney-referee is a facility of the commission for the ascertainment of the facts, the appellants did not

waive their right to plead the bar of the two-year statute of limitation involved in this case by their failure to plead the bar before the attorney-referee. It is readily conceivable that there could be numerous instances where the fact that a claim is barred under this statute would not appear until after the hearing has been had before the attorney-referee and the claimant has fixed the date of the injury relied on by him. If we should hold that the statute of limitation is waived by the failure of the employer and insurance carrier to raise the same before the attorney-referee, the rule would have to be applicable in all cases. But, be that as it may, we think that the bar of the statute was not waived in the instant case, since the same was set forth in the first pleading required to be addressed to the commission by them. ▆▆ It was well taken and we think that it was correctly sustained by the commission and that the trial court was, therefore, in error in reversing the judgment of the commission and reinstating the award made by the attorney-referee.

Reversed and judgment here for appellants.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.