**B. M. PULLIAM, Appellant,**

v.

**GULF LUMBER COMPANY, Inc. and Liberty Mutual Insurance Company, Appellees.**

**No. 19836.**

United States Court of Appeals Fifth Circuit.

Jan. 17, 1963.

Rehearing Denied April 22, 1963.

William S. Murphy, Lucedale, Miss., for appellant.

M. M. Roberts, Hattiesburg, Miss., for appellees.

Before RIVES, CAMERON and BELL, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment entered upon a directed verdict for the defendants. Plaintiff sued under the Alabama Workmen's Compensation Act,[1] and in the alternative in simple negli-gence for damages. He sought to recover either compensation or damages for personal injuries suffered on February 18, 1958 when an iron bar or "lumber hook" fell on plaintiff's head while he was employed as a sawyer at Gulf Lumber Company's sawmill in Tensas, Alabama. The plaintiff had been an employee of Gulf Lumber Company for about 12 years. While working for that Company at Ramsey Springs, Mississippi, he had a severe accident in which his skull was fractured and as a result of that accident part of the left frontal bone was removed and no plate inserted to cover or protect the area from which the bone had been removed. For this injury he was paid compensation under the Mississippi Workmen's Compensation Act at the rate of $25.00 per week for a period of three weeks and two days. On April 10, 1957 the plaintiff was sent to work at Gulf Lumber Company's mill in Tensas, Alabama. He had been working there about ten months when he suffered the second accident which aggravated the earlier injury. Following the second accident the plaintiff was able to do light work and remained on the pay roll until April 2, 1958.

On October 16, 1958, the plaintiff filed claim with the Workmen's Compensation Commission of Mississippi for compensation and medical benefits under the Mississippi Act occasioned by both accidents. On hearing, the Attorney Referee entered an order on June 9, 1953 dismissing the claim as to the injury of April 15, 1957, because more than one year elapsed from the date of the last payment of compensation for the 1957 injury before application was made for additional benefits, and the Commission lost jurisdiction under Section 21 of the Act (Mississippi Code of 1942, Sec. 6998–27). He dismissed the claim as to the injury of February 18, 1958 because the plaintiff was working in Alabama for a period of ten months prior to that injury, and the Mississippi Commission had no jurisdiction under Section 49 of the Act (Section 6998–55(a), Mississippi Code of 1942), which, with an exception not here perti-

1. Code of Alabama 1940, Title 26, § 253 et seq.

nent, limits the application of the Mississippi Act to injuries received by an employee within six months after leaving the State of Mississippi.

The order of the Attorney Referee was affirmed successively by the Mississippi Workmen's Compensation Commission on October 30, 1959, by the Circuit Court of George County, Mississippi, on May 7, 1960 and by the Supreme Court of Mississippi on February 20, 1961. Pulliam v. Gulf Lumber Company et al., Miss., 127 So.2d 422.[2] One month later, the present action was filed in the district court on March 21, 1961.

The district court, early in the hearing, sustained a motion of the defendants "to require the plaintiff to elect whether he is proceeding under the Alabama Workmen's Compensation Act, or under some theory of common law liability." Under protest, the plaintiff elected to proceed under the Alabama Workmen's Compensation Act. At the conclusion of the plaintiff's case, the district court sustained the motion of the defendants for a directed verdict, explaining its reasons in part as follows:

"* * * This accident admittedly occurred in Alabama February 15, 1958. This suit was filed in this Court on March 21st, 1961. The Workmen's Compensation Act is a statutory scheme in derogation of common law, and as counsel suggests it must be strictly construed. The statute expressly provides that an action under that Act must be instituted on stated conditions within one year after the accident. This suit obviously was not instituted within one year after the act. This one year period it seems to me is not a mere statute of limitations; it is clearly a condition of the statutory right of action created by the Legislature of Alabama, and

there are no exceptions in the Act itself."

The Federal Rules of Civil Procedure provide that "[a] party may * * state as many separate claims * * * as he has regardless of consistency." Rule 8(e). Clearly, unless and until it is either conceded or established that the parties are subject to the Alabama Workmen's Compensation Act, and hence that plaintiff has no substantive claim for damages for simple negligence, the plaintiff has a right to pursue both alternative claims.[3] The district court erred in requiring the plaintiff to elect.

The more important question is whether the district court erred in directing a verdict for the defendant on the claim under the Alabama Workmen's Compensation Act. That depends upon whether the court was correct in construing the Alabama statute as follows: "This one year period it seems to me is not a mere statute of limitations; it is clearly a condition of the statutory right of action created by the Legislature of Alabama. * * *"

The rules as to when the law of Mississippi would control the time within which the action must be commenced, and when the law of Alabama would control are well stated in Sections 604 and 605 of the Restatement of Laws:

"§ 604. Foreign Statute of Limitations.

"If action is not barred by the statute of limitations of the forum, an action can be maintained, though action is barred in the state where the cause of action arose.

"§ 605. Time Limitations on Cause of Action.

"If by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period

---

**2.** Compare the very recent decision of Dependants of Dawson v. Delta Western Exploration Co. et al., Miss., 1962, 147 So.2d 485, which appellant insists reverses that position. We are not called on under the present record to decide that question.

**3.** 2 Moore's Federal Practice, 2d ed., Sec. 2.06, p. 361; compare Berger v. State Farm Mutual Auto. Ins. Co., 10 Cir., 1961, 291 F.2d 666.

of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state."[4]

■ The view taken under most workmen's compensation acts is that the limitation of time for filing a claim is made a condition of the right or cause of action.[5] The Mississippi Supreme Court so construes the Workmen's Compensation Act of Mississippi.[6] Another provision of the Workmen's Compensation Act of Alabama, which provides that, with certain exceptions, " * * * no compensation shall be payable unless written notice is given within ninety days after the occurrence of the accident, or where death results, within ninety days after the death,"[7] has been construed by the Alabama Supreme Court as a condition of the right or cause of action.[8]

■ It would appear that the solution to the problem depends upon the terms and provisions of the particular statute. In Alabama the statute requiring written notice of the accident to be given within ninety days after its occurrence is written in such positive terms as " * * no compensation shall be payable unless such written notice is given * * *."[9] It would be unususal to expect two successive time conditions on the right or cause of action and, accordingly, we find the statute providing for the filing of a complaint within one year after the accident to be captioned "Limitations" and to be written in the ordinary language of a statute of limitations.[10] The Supreme Court of Alabama has left little or no doubt that that statute is an ordinary

statute of limitations applicable to the remedy rather than to the right.

In Birmingham Belt R. Co. v. Ellenburg, 1924, 213 Ala. 146, 104 So. 269, same title, 1927, 215 Ala. 395, 111 So. 219, Ellenburg, the foreman of a switching crew, had been injured while switching cars about the railroad yard in East Birmingham, Alabama, on December 5, 1923. On January 13, 1923, he filed his complaint claiming damages under the Federal Employers' Liability Act. He recovered a judgment in the trial court but on appeal the Supreme Court of Alabama held that he had not been engaged in interstate commerce within the Federal Employers' Liability Act and indicated, perhaps by way of dictum, that he should have sought relief under the Workmen's Compensation Law of Alabama. (104 So. 269, 271.) That decision of the Supreme Court of Alabama was rendered on October 30, 1924, with rehearing denied May 14, 1925. Upon remand to the trial court, Ellenburg on February 20, 1926 undertook to amend his complaint by striking out the count claiming damages under the Federal Employers' Liability Act and inserting a count or claim for compensation under the Workmen's Compensation Act of Alabama. This was more than three years after the injury had occurred on December 5, 1922. The trial court permitted the amendment and the Supreme Court of Alabama reviewed that permission on petition for writ of certiorari. On original hearing it was held that the amendment was not proper because, in effect, the time limitation of one year

---

4. Those principles are recognized in Mississippi, in Alabama, and in the federal courts. Louisiana & Mississippi R. Transfer Co. v. Long, 1930, 159 Miss. 654, 131 So. 84, 88; Louisville & N. R. Co. v. Chamblee, 1911, 171 Ala. 188, 54 So. 681, 682; The Harrisburg, 1886, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Ford, Bacon & Davis v. Volentine, 5 Cir., 1933, 64 F.2d 800; 11 Am.Jur., Conflict of Laws, Sec. 193.

5. See cases collected in Annotation 78 A.L.R. 1294; 100 C.J.S. Workmen's Compensation § 436, p. 300.

6. Thyer Mfg. Co. v. Keys, 1959, 235 Miss. 229, 108 So.2d 876, 879, 880.

7. Alabama Code of 1940, Title 26, Section 294.

8. Sloss-Sheffield Steel & Iron Co. v. Watts, 1938, 236 Ala. 636, 184 So. 201, 202; Ex parte Harper, 1923, 210 Ala. 134, 97 So. 140, 141.

9. Alabama Code of 1940, Title 26, Section 294.

10. Alabama Code of 1940, Title 26, Section 296.

attached to the right or cause of action. Justice Bouldin, speaking for the majority of the Supreme Court, said in part:

"In an action brought under the federal Employers' Liability Act (U.S.Comp.St. §§ 8657–8665), is an amendment allowable presenting a case under the Workmen's Compensation Law? We think not, for the following reasons: (1) The positive provision of Code, § 7570, that claims 'shall be forever barred, * * * unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 7578,' should not be modified by a general statute dealing with established forms of action. Ex parte Sloss-Sheffield, etc., Co., 207 Ala. 531, 93 So. 425. (2) Workmen's Compensation Statutes are distinct in purpose, and have prescribed procedure all their own."

Birmingham Belt R. Co. v. Ellenburg, supra, 111 So. 219.

On the other hand, Justice Miller, in a dissenting opinion concurred in by Chief Justice Anderson and Justice Gardner, referring to the one year limitation statute, now Alabama Code of 1940, Title 26, Section 296, which was then Section 7570 of the Alabama Code of 1923, said:

"It is true that section 7570 of the Code of 1923 provides:

" 'In case of a personal injury all claims for compensation under articles 1 and 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable * * * or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 7578 hereof.'

"This court, in Ex parte Sloss-Sheffield Steel & Iron Co., supra, held as to this statute (section 7570):

" 'The legislature in express terms has made section 20a [now 7570, Code of 1923] a statute of limitation.'

"This statute (section 7570) must be construed in connection with our amendment statute (section 9513 of the Code of 1923) [Now Title 7, Sec. 239, Code of 1940], which provides:

" 'The court must * * * permit the amendment of the complaint * * * by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint * * * and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action so long as they refer to the same transaction * * * and parties as the original.'

"The original complaint is for damages for the same injury, the same transaction, as the amended complaint. The former seeks damages for the injury under the federal Employers' Liability Act, and the latter seeks compensation for the same injury under the Workmen's Compensation Statutes of this state. Could this amendment have been included in the original complaint by separate count with the stricken count? If so, then the court did not err in allowing the amendment. Each count refers to the same injury, the same transaction; and each refers to the same parties; so we must hold the amended complaint relates to no new or other cause of action than that presented by the original complaint."

Upon application for rehearing, the dissenting opinion was adopted as the opinion of the court (111 So. 221). It was thus held that the one year statute is no more than a statute of limitations to be construed in connection with other statutes relating to the limitation of ac-

# 510

tions, and that it was permissible to amend a complaint claiming damages under the Federal Employers' Liability Act so as to strike out that claim and claim compensation under the Workmen's Compensation Act of Alabama by an amendment filed more than three years after the occurrence of the accident. That decision has been repeatedly followed in similar situations under the Workmen's Compensation Act of Alabama.[11] Those cases leave us in no doubt that the statute (Alabama Code of 1940, Title 26, Section 296) providing for the filing of a complaint within one year after the accident is just what its caption and its language indicate, a statute of limitations applicable to the claim or action, that is, the remedy, and not a condition attached to the right or cause of action.

■ That being true, the question is whether the action is barred by the statute of limitations of the forum, Mississippi. Very clearly, the action under the Alabama Workmen's Compensation Act is saved by Title 6, Section 744 of the Mississippi Code of 1942.[12] A dismissal for lack of jurisdiction is a dismissal for a "matter of form" within that section.[13] In the present case, the Supreme Court of Mississippi affirmed the dismissal for lack of jurisdiction of the action under the Mississippi Workmen's Compensation Act on February 20, 1961.[14] The present action was filed one month later, on March 21, 1961. It follows that the district court erred in sustaining the motion of the defendants for a directed

11. Stith Coal Co. v. Alvis, 1932, 224 Ala. 603, 141 So. 663, 665; Ingalls Shipbuilding Corp. v. Cahela, 1948, 251 Ala. 163, 36 So.2d 513, 519; Braswell v. Brooks, 1957, 266 Ala. 141, 94 So.2d 879, 881.

12. "§ 744. *New action after abatement, reversal.*
"If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment

verdict. The judgment is accordingly reversed and the cause remanded.

Reversed and remanded.

CAMERON, Circuit Judge, concurs in the result.

for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein; and his executor or administrator may, in case of his death, commence such new action, within the said one year."

13. Frederick Smith Enterprise Co. v. Lucas, 1948, 204 Misc. 43, 36 So.2d 812.

14. Pulliam v. Gulf Lumber Company et al., Miss., 1961, 127 So.2d 422.