BRADY, Justice.
This is an appeal by Ocie D. Childs, claimant, from a judgment of the Circuit Court of Hinds County, affirming an order of the Workmen’s Compensation Commission denying compensation benefits.
On February 12, 1962, claimant instituted suit against his employer, Mississippi Industries for the Blind, and its former insurance carriers, United States Fidelity & Guaranty Company and Employers Liability Assurance Corporation, Ltd., for alleged accidental injury and disability occurring on July 28; 1960.
Claimant was employed by Mississippi Industries for the Blind on May 19, 1951, in the capacity of “broom stitcher.” His job consisted of operating an electrically powered stitching machine which stitched the broomstraw onto handles. In July 1957 claimant was hospitalized complaining of weakness, chest pain and shortness of breath, which was diagnosed as bronchitis, urinary tract infection and possible lumbar disc disease. He was again hospitalized in May 1958 and his condition was diagnosed as polycythemia, which is an over-production of red blood cells. He continued to work as a “broom stitcher” until May 1961, at which time he was transferred to the mop department. He worked in the mop department until the end of 1961 when his employment terminated.
Claimant contends that throughout his employment he was exposed to bad atmospheric conditions due to the presence of sulfur dioxide and dust at employer’s plant. He contends that the atmospheric conditions caused bronchitis and/or pulmonary fibrosis, which in turn produced the blood condition, polycythemia, causing him to become totally disabled.
There are two basic questions involved in this appeal: (1) Was this action barred by the two year statute of limitation? (2) If so, should the employer be estopped from asserting the statute of limitation because of certain statements allegedly made by its manager to the claimant ?
The attorney-referee found upon ample testimony that the injury in this case occurred or was manifest as early as May 1958. The record shows that the claimant was treated for the condition for which he now seeks compensation at that time, and that claimant was of the opinion that the inhalation of noxious fumes and dust during working hours was the cause of his condition. Claimant’s witness, Dr. Daniel, testified that he hospitalized claimant in July 1957 and, among other maladies, diagnosed his condition specifically as bronchitis; that he again hospitalized claimant in May 1958 and the diagnosis was chronic bronchitis and polycythemia. Dr. Daniel further testified that during the May 1958 hospitalization he obtained a work history and that “he (claimant) felt that there was a possibility there was a dust or fumes from the brooms, dust or sulfur type of fumes which might be irritating to his respiratory condition.”
Mississippi Code Annotated section 6998-18 (1952) reads in part as follows:
Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
We hold that there was substantial evidence to support the finding that the injury occurred in 1958, and that the claim for compensation filed on February 12, 1962, was barred by section 6998-18. See Thyer Mfg. Co. v. Keys, 235 Miss. 229, 108 So.2d 876 (1959).
*874 Claimant contends that the employer should be estopped from asserting the statute of limitation in this case because of alleged acts and representations by the employer which claimant contends induced him to delay filing his claim. We cannot agree with this contention.
In the case of Harris v. American Motorist Ins. Co., 240 Miss. 262, 126 So.2d 870 (1961), this Court made the following statement:
“This Court also pointed out in the case of Crowe v. Fotiades, 224 Miss. 422, 80 So.2d 478, 486, that “The essential elements of estoppel are conduct and acts, language or silence, amounting to a representation of concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party’s ignorance of the true facts, and reliance to his damage upon the representation or silence.” See also Izard v. Mikell, 173 Miss. 770, 163 So. 498. (240 Miss, at 274, 126 So.2d at 875.)
The testimony is conflicting as to the exact statements made by the employer’s manager, Price, but the record shows that claimant was under the care of his own private physician and that he was, or should have been well aware of all of the circumstances. We agree with the employer’s contention that the state of claimant’s condition was more readily known to him than to the employer. The record further discloses that the appellant was not unfamiliar with procedures before the Commission since he had received compensation benefits for two other claims which he had filed with the Commission. The attorney-referee did not find that any material misrepresentation was made by the employer or that the claimant was ever induced not to file a claim for compensation benefits.
The cases are legion in which we have held that the Commission is the trier of facts and this Court will not reverse the Commission on its findings of fact if there is substantial evidence to support such findings. See Fair Stores v. Bryant, 238 Miss. 434, 118 So.2d 295 (1960), and Harbert Constr. Corp. v. Hughes, 250 Miss. 858, 168 So.2d 506 (1964), and the authorities cited in these two cases.
For the foregoing reasons, we hold that there was substantial evidence to support the order of the Commission upholding the denial of compensation benefits by the attorney-referee, and we affirm the case.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and INZER, JJ., concur.