**Emma J. SHEPARD, Plaintiff-Appellee,**

v.

**CHRYSLER CORPORATION, Defendant-Appellant.**

**No. 28596.**

United States Court of Appeals,
Fifth Circuit.

July 13, 1970.

Rehearing Denied and Rehearing En Banc Denied Aug. 24, 1970.

---

1. The return filed for the year 1954 was kept open until the Regulations were adopted.

**162**

Harold F. Herring, Huntsville, Ala., for defendant-appellant.

Edgar E. Smith, Huntsville, Ala., for plaintiff-appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

COLEMAN, Circuit Judge:

Upon an amended complaint, the District Court for the Northern District of Alabama awarded Mrs. Emma J. Shepard workmen's compensation against the Chrysler Corporation. Chrysler appeals, and we affirm.

Mrs. Shepard was an employee of Chrysler at its production plant in Huntsville, Alabama. On December 1, 1965, there was an accident in which she was injured by inhaling polyurethane fumes. Chrysler paid workmen's compensation for a period expiring February 7, 1966, the date of the last payment being February 15. Hospital, doctor, drug, and ambulance bills were similarly paid.

On November 29, 1966, Mrs. Shepard filed a four count suit in the United States District Court for damages in the sum of one hundred thousand dollars, alleging negligence and a failure to warn of the dangers of her employment as well as failure to provide her with adequate protective facilities [common law negligence and the Alabama Employers' Liability Act]. The suit claimed that the conduct of Chrysler caused a gradual injury, in the absence of an accident, which if evidentiarily supported, would have taken the case from under the Alabama Workmen's Compensation Act. It was alleged that the gradual injury occurred over a period which began on October 9, 1962, and ended on December, 1, 1965.

Chrysler filed a motion for summary judgment, asserting that the plaintiff had elected to receive and had received workmen's compensation, which as a matter of law limited her rights to that remedy only.

The District Court granted the summary judgment, citing National Cast Iron Pipe Company v. Higginbotham, 216 Ala. 129, 112 So. 734 (1927). The action granting the summary judgment was, however, "without prejudice to the plaintiff's right to proceed under the amended complaint *this day filed* (emphasis added) asserting her claim under the Alabama Workmen's Compensation Act". The order further recited that the action had been withheld so as to give plaintiff an opportunity to prepare and file an amended complaint for workmen's compensation.

Chrysler met the amended complaint by a motion to dismiss or, in the alternative, for a summary judgment, asserting that Mrs. Shepard's claim for additional workmen's compensation was barred by the Alabama Code, Title 26, § 296, because more than one year had elapsed between the last payment of benefits (February 15, 1966) and the filing of the amended complaint (May 23, 1967).

This motion was denied. The District Court then heard the case on the merits and allowed compensation in the amount of $38 per week for four hundred weeks, to be reduced by the amount already paid.

As a matter of pleading and practice in the United States Courts Mrs. Shepard was entitled to amend her complaint under Rule 15(c) of the Federal Rules of Civil Procedure, "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading * * * ".

The Alabama Statute on the subject reads as follows:

"The court must, whilst the cause is in progress, amend all and every such imperfection and defect of form, on motion of the party, without cost and without delay, unless injustice will thereby be done to the opposite party, and must permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments and pleading, it shall be a question of fact for the jury. But the court shall have the right to refuse the allowance of any amendment to the complaint after the conclusion of the argument, when in its judgment the completion of the trial of the cause would be unreasonably delayed, or when in its judgment injustice would result." Title 7, Section 239.

Upon comparison it is seen that there is no substantial difference between the provisions of the state statute and the federal rule.

The difficulty, however, is that on October 12, 1967, before the District Court rendered its decision on June 17, 1969, the Supreme Court of Alabama decided the case of B. F. Goodrich Company v. Parker, 282 Ala. 151, 209 So.2d 647 (1968).

In that case, Jack M. Parker was injured while working at a tire building machine on October 27, 1962. He worked continuously for sixteen months. He made a workmen's compensation settlement with Goodrich on July 5, 1963. He had surgery and returned to work on July 1, 1963. On November 4, 1964, Parker was injured again and was absent from work. He was again paid compensation, the receipt stating that it was for all injuries sustained on or about October 27, 1962. On March 23, 1965, Parker received a whiplash injury to his neck in an automobile accident, re-injuring the neck in the area of the original injury. He went back to work and continued to work through 1965 and 1966.

On November 5, 1965, Parker filed a suit for permanent partial compensation for the factory injury sustained on October 27, 1962. The Circuit Court for Tuscaloosa County awarded Parker compensation, overruling a demurrer to the effect that the claim was barred on its face by the one year Alabama statute of limitations. Interpreting § 296, Title 26, Alabama Code of 1940, the one year statute of limitations on actions for workmen's compensation, the Supreme Court of Alabama unanimously held that the statute is a limitation on the right itself and not alone upon the remedy, that "the time limitations within which such actions must be brought [constitute] a condition precedent to the right to maintain such action and is jurisdictional", 209 So.2d at 650. The Court further held that "if there is an absence of jurisdiction of either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent".

Significantly, however, the *Parker* Court began its discussion by saying, "as we view the question now being considered, we are not dealing merely with an amendable defect, but rather with a question of jurisdiction".

*Parker* was an original suit, and no amendment was involved.

The Court in the *Parker* decision made no reference to its prior decision in Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219 (1927). That was a case in which Ellenburg brought suit against the railroad under the Federal Employers' Liability Act for an injury which occurred on December 5, 1922. He recovered judgment but the

Alabama Supreme Court reversed and remanded because the action should have been brought under the Alabama Workmen's Compensation law, 213 Ala. 146, 104 So. 269. The Supreme Court of the United States denied certiorari.

Ellenburg, on February 20, 1926, more than three years after the injury, amended his complaint by inserting a count for compensation under the Workmen's Compensation statute. By a 4–3 vote the Alabama Supreme Court first held that actions for workmen's compensation could not be joined to another cause of action in an original complaint nor by an amendment, saying "if it be desirable to provide for conversion of suits under the Employers' Liability Act into compensation suits, and so avoid the running of the statute of limitations in cases of doubt, the remedy must be provided by the Legislature".

On rehearing, by a 5–2 vote, the Alabama Supreme Court reversed its former position and held that a complaint erroneously setting up a cause of action for injuries under the Federal Employers' Liability Act may be amended, more than one year after the injury, to present a case under the Workmen's Compensation law, citing the Alabama Amendment statute (then § 9513 of the Code of 1923, now Title 7, § 239, supra).

In the opinion which became final the Court held that "the original complaint is for damages for the same injury, the same transaction, as the amended complaint * * *. Each count refers to the same injury, the same transaction; and each refers to the same parties; so we must hold the amended complaint relates to no new or other cause of action than that presented by the original complaint, and thus could have been filed together, included in separate counts in the original complaint, and such an amendment is not barred by the statute of limitations of one year, but it relates back to the commencement of the suit under the amendment statute".

The United States District Judge, sitting in a diversity case simply as another court of the State, held that under Rule 15(c), Federal Rules of Civil Procedure, Mrs. Shepard's amended complaint would lie.

Chrysler says this was erroneous because the original complaint had already fallen victim to a summary judgment; since the Court would have no jurisdiction over an original complaint filed that day it could not entertain an amended complaint. It is earnestly urged that under the *Parker* case the right to recover compensation had expired and no court had the power to entertain the suit, by amendment or otherwise.

We are of the opinion, however, that under *Ellenburg*, which has not been overruled as to the use of amendments, and under the provisions of the Alabama Amendment statute now in force, the plaintiff was entitled to amend. Thus, the District Court fell into no conflict with Alabama law when it invoked the provisions of Rule 15(c). It did just what an Alabama Court would have done under the same circumstances.

Moreover, we attribute no distinguishing substance to the chronology that the amended complaint was filed after, but on the same day, the summary judgment was granted as to the original complaint. In granting the summary judgment the trial court, as already indicated, expressly stated that it was granted after being held up for the preparation of an amended complaint and without prejudice to the filing of such an amended complaint. The parties understood what was taking place and the amended complaint was in point of fact nothing more than an amendment to the original suit.

We appreciate the hazard involved in deciding cases of this nature. As recently as 1963, the Fifth Circuit held in Pulliam v. Gulf Lumber Company, 312 F.2d 505, that the Alabama one year statute on actions for workmen's compensation was an ordinary statute of limitation, applicable to the remedy rather than the right. We reversed the District Court (in Mississippi) which had held to the contrary. Now, *Pulliam,* as

a diversity decision, has been overruled by *Parker*.

The judgment of the District Court is Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.