**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2698
_____

DERRICK EVANS,
                                        Appellant

v.

THEHUFFINGTONPOST.COM, INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-22-cv-01180)
District Judge:  Honorable Gregory B. Williams
_____

Argued May 7, 2024

Before:  MATEY, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.


(Opinion filed: August 27, 2024)

Charles E. Cowan **[ARGUED]**
John P. Sneed
Wise Carter Child & Caraway
401 E Capitol Street
Suite 600
Jackson, MS 39201

James D. Taylor, Jr.
Michelle C. Streifthau-Livizos
Saul Ewing
1201 N Market Street
Suite 2300

Wilmington, DE 19801
         *Attorneys for Appellant*

Joseph J. Saltarelli **[ARGUED]**
Silvia N. Ostrower
Hunton Andrews Kurth
200 Park Avenue
New York, NY 10166

Carla M. Jones
Potter Anderson & Corroon
1313 N Market Street
Wilmington, DE 19801
         *Attorneys for Appellee*

_____

OPINION[*]

_____


MONTGOMERY-REEVES, *Circuit Judge*.

Derrick Evans appeals the District Court's order dismissing his complaint.

Because Evans's claims against TheHuffingtonPost.com, Inc. ("HuffPost") are time-

barred under the relevant statutes of limitations, we will affirm the District Court's order.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    BACKGROUND

On September 20, 2018, HuffPost published an article entitled "Former Student: Brett Kavanaugh's Prep School Party Scene Was a 'Free-For-All.'"  App. 23.  The article stated that Evans "helped score" illegal narcotics that killed David Kennedy.  *Id.*

Evans filed a defamation suit in the United States District Court for the Southern District of Mississippi.  Evans was a Mississippi resident at the time.  The Court dismissed Evans's lawsuit for lack of personal jurisdiction on April 27, 2022.  A month later, Evans filed a defamation suit in the United States District Court for the Southern District of New York.  Several weeks later, Evans dismissed that action without prejudice and brought this action in the United States District Court for the District of Delaware on September 8, 2022.  HuffPost sought dismissal, arguing that the action was time-barred, which the District Court granted.  This appeal followed.

## II.    DISCUSSION[1]

In this appeal, we must determine whether Evans's defamation claim against HuffPost is time-barred.  Because Evans filed suit in the District of Delaware based on

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the District Court's order granting HuffPost's motion to dismiss.  *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 166 (3d Cir. 2014) ("We review de novo the District Court's decision to grant [a] Rule 12(b)(6) motion to dismiss." (citing *In re Aetna, Inc. Sec. Litig.*, 617 F.3d 272, 277 (3d Cir. 2010))); *Robeson Indus. Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 164-65 (3d Cir. 1999) ("Choice-of-law is a question of law which [we] review[] de novo." (citing *Gen. Ceramics, Inc. v. Firemen's Fund Ins. Cos.*, 66 F.3d 647, 651 (3d Cir. 1995))).

diversity of citizenship, we apply the choice-of-law rules of the forum state, which is

Delaware. *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 621 (3d Cir. 2009) ("It is now

black letter law that in an action based on diversity of citizenship jurisdiction, we must

apply the substantive law of the state in which the District Court sat, including its choice

of law rules." (citation and internal quotations omitted)).  Delaware law provides:

> Where a cause of action arises outside of this State, an action
> cannot be brought in a court of this State to enforce such cause
> of action after the expiration of whichever is shorter, the time
> limited by the law of this State, or the time limited by the law
> of the state or country where the cause of action arose, for
> bringing an action upon such cause of action.  Where the cause
> of action originally accrued in favor of a person who at the time
> of such accrual was a resident of this State, the time limited by
> the law of this State shall apply.

10 *Del. C.* § 8121.[2]  So here, the Court must apply the shorter of Delaware's statute of

limitations (which is two years[3]) or the limitations period of the state where the cause of

action arose.

The parties hotly dispute whether the action arose in New York or Mississippi.

Both New York and Mississippi have one-year statutes of limitations.[4]  But Evans argues

that if Mississippi law applies, its savings statute saves claims dismissed for "matter of

form," which purportedly includes claims dismissed for lack of personal jurisdiction.

---

[2] Evans is not a Delaware resident.

[3] 10 *Del. C.* § 8119.

[4] N.Y. C.P.L.R. § 215(3); Miss. Code Ann. § 15-1-35.

Opening Br. 10, n.3 (citing *Pulliam v. Gulf Lumber Co.*, 312 F.2d 505, 510 (5th Cir. 1963)).[5] If Evans is correct, his action would not be time-barred under Mississippi law.

Unfortunately for Evans, Mississippi law does not support his position. In 2005, the Supreme Court of Mississippi discussed whether an action dismissed for lack of personal jurisdiction had been dismissed for a "matter of form" under Mississippi's savings statute, Miss. Code Ann. § 15–1–69. *Owens v. Mai*, 891 So. 2d 220, 222 (Miss. 2005) (en banc). The Supreme Court of Mississippi acknowledged its own precedent holding "that dismissal for lack of jurisdiction is a dismissal for matter of form, within the purview of § 15–1–69." *Id.* (collecting cases). It clarified, however, that those cases "all addressed subject[-]matter jurisdiction rather than personal jurisdiction." *Id.* Then, it considered—and rejected—the lower court's reasoning that dismissals for lack of personal jurisdiction—like dismissals for lack of subject-matter jurisdiction—should be treated as a matter of form under § 15–1–69 because "both subject[-]matter jurisdiction and personal jurisdiction are necessary before a court may validly try and adjudicate a case." *Id.* The lower court's analysis relied on "dicta" from the Supreme Court of Mississippi's 1915 decision in *Hawkins v. Scottish Union and National Insurance Company*, 69 So. 710, 712 (Miss. 1915), to conclude that personal jurisdiction is a matter of form. *Owens*, 891 So. 2d at 222. *Owens* expressly "decline[d] to establish [that] dicta from *Hawkins* as a principle of law." *Id.* Thus, the Supreme Court of Mississippi has

---

[5] New York also has a savings statute, but the statute specifically excludes actions dismissed for lack of personal jurisdiction. *See* N.Y. C.P.L.R. § 205(a); *Wydallis v. U.S. Fid. & Guar. Co.*, 472 N.E.2d 322, 323 (N.Y. 1984).

5

explained that dismissals for a lack of personal jurisdiction are not treated as a matter of form under § 15–1–69.

Despite the clear language in *Owens*, Evans asks us to interpret the holding of *Owens* to apply only to dismissal for failure to effect process—not dismissal for lack of personal jurisdiction—because service of process is a matter within a plaintiff's control. Evans argues that Mississippi's savings statute aims to protect parties who mistakenly file suit in the wrong forum. Evans contends that because the dismissal of his first complaint was "through no fault of his own," Suppl. Br. for Appellant 3, this action is among the suits that Mississippi's savings statute was designed to preserve.

But we cannot ignore the clear language in *Owens*. And Evans has not identified any Mississippi case that adopted his interpretation of *Owens* and brought personal jurisdiction under the matter-of-form umbrella, despite almost two decades of law since *Owens*. We therefore decline to interpret *Owens* in a manner inconsistent with its plain language. Thus, the District Court did not err by granting HuffPost's motion to dismiss because Evans's claims are time-barred under Mississippi, New York, and Delaware law. And we need not resolve where those claims arose.[6]

---

[6] Judge Roth further notes that the District Court may have misapplied Delaware law by giving disproportionate weight to New York's anti-strategic litigation against public participation ("anti-SLAPP") statute when determining where Evans's cause of action arose. The District Court based its conflicts analysis almost exclusively on the presence of New York's anti-SLAPP regime in determining that the statute overcame the state domicile presumption (favoring Mississippi law) that applies in multistate defamation cases. This analysis, however, gave virtually no weight to competing concerns. The

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's order.

---

District Court did not consider, for example, evidence that Mississippi's lack of an anti-SLAPP regime was intentional, as its legislature had rejected earlier attempts to pass such a law. *See* S.B. 2628, 2022 Leg., Reg. Sess. (Miss. 2022), https://trackbill.com/bill/mississippi-senate-bill-2628-anti-slapp-law-create-the-public-speech-protection-act/2196895/.