ANDERSON DUNHAM, INC. *v.* AIKEN et al.

No. 41939          October 9, 1961          133 So. 2d 527

*Walker & Franks,* Hernando, for appellant.

*Johnson & Troutt,* Senatobia, for appellees.

760

MᶜELROY, J.

The appellees, Aiken, Mitchell and Worley, plaintiffs below, each sued Anderson-Dunham, Inc., defendant below, in tort, based on fraud and deceit. The three suits were based on the same facts and were consolidated on the trial below and on this appeal. Appellees each recovered below and appellant appeals.

■■ ■ Each appellee purchased from appellant two dump trailers designed for hauling sand, gravel and other similar material. Appellees base their charge of fraud and deceit on the ground that appellant falsely represented that the trailers were equipped with 18,000 pound capacity axles, and the trailers actually delivered were equipped with 13,000 pound axles. After carefully reviewing the testimony, we are of the opinion that appellees made a jury issue on the issue of fraud and deceit, ■■ ■ although it is a very close question in view of the rule that fraud must be established by clear and convincing proof. We find it unnecessary to detail the evidence. The case must be reversed on other grounds.

Appellant complains of the following instruction granted appellees:

"The Court instructs the jury for the plaintiffs—William Max Aiken, Howell G. Mitchell, and Henry P. Worley—that it is not necessary for a principal to become liable for the tort or wrong of an agent that the tort or wrong be expressly authorized by the principal, but rather it is sufficient if the tort or wrong is committed within the scope of the agent's employment and in furtherance of the principal's interest. The Court further

instructs the jury that if you believe, from clear and convincing evidence in this case, if you believe there to be such evidence, that the plaintiffs intended to purchase truck trailers from the defendant, Anderson-Dunham, Inc., equipped with 18,000 pound axles and that Jim Allen, the agent of defendant, did represent to the plaintiffs that they were ordering and acquiring such trailer axles, and that the said Jim Allen was at the time of the said representation acting within the scope of his employment with the defendant and in furtherance of the defendant's interest, and further that the defendant subsequently delivered trailers to the plaintiffs equipped with either 13,000 pound or 14,000 pound axles, pursuant to the orders placed with the said Jim Allen, then it is your sworn duty to find for the plaintiffs if you find from the preponderance of the evidence, if any, that the plaintiffs were damaged as a direct result thereof.''

██ █ No complaint is made of the first sentence of this instruction. The instruction does not furnish the jury with a sufficient guide on the question of liability based on fraud and deceit. The issue of fraud and the intent to deceive is not incorporated in the instruction. In the recent case of Gardner v. State, 235 Miss. 119, 108 So. 2d 592, this Court stated the elements of actionable fraud as follows: ''Comprehensively stated, the elements of actionable fraud consist of: (1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intent that it should be acted on by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury.''

██ █ The fifth element contains the requirement that the proof must establish an intent to deceive and this is indispensable in such action. The instruction omits this requirement. The instruction is deficient in that it fails to adequately incorporate requirements four, six, seven

and eight, set forth in the Gardner case. We are of the opinion that it was error to grant this instruction because of the failure to require proof of these essential elements of actionable fraud. Under the instruction complained of the jury could have found that there was simply a misunderstanding as to the type axles the trailers were equipped with, and this may be what actually happened, and still the jury would have been required to find for plaintiffs. This is not the law. In short, the instruction authorized a finding for plaintiffs without any requirement that the essential elements of fraud be established by clear and convincing evidence.

Appellant also complains of the instruction appearing on page 281 of the record. This instruction is purely abstract. We do not intend to say that this instruction alone would be sufficient to reverse the case but it should not have been given, as it was calculated to mislead the jury.

Appellant complains of the instructions on damages appearing on page 282 of the record. The instruction was erroneous insofar as it authorized recovery for tire damage since the proof is insufficient to form the basis of an item of damages in that respect.

The assignment based on the statute of limitations is not well taken.

Reversed and remanded for a new trial on all issues.

*Lee, P.J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.