ETHRIDGE, Chief Justice:
Mrs. Dorothy D. Casey, appellant, received on August 21, 1963, an injury to her back which arose out of and in the course of her employment for Ed Mitchell, doing business as Deeson Cash Grocery. However, she did not file her claim for workmen’s compensation benefits until April 24, 1968, approximately four years and eight months after the date of the injury. The Workmen’s Compensation Commission held that based upon what it considered substantial evidence, the claim was barred by the two-year statute of limitations. The Circuit Court of Bolivar County properly affirmed the Commission’s order.
*535 Section 6998-18, Mississippi Code 1942 Annotated (1956), provides:
Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
The great weight of the evidence supports the Commission’s finding that claimant knew or should have known within two years after the accident that she had sustained a work-connected injury. In fact, immediately after the accident she knew that she had injured her back on the job. During the next two years she went to several doctors, had surgery, and indicated to at least one orthopedist that she thought she had a workmen’s compensation claim. She got the doctor to transmit his medical findings to an able attorney whom she had retained. Childs v. Miss. Industries for Blind, 184 So.2d 872 (Miss.1966).
 Claimant asserts that the employer and insurance carrier should be es-topped from pleading the two-year statute of limitations, on the ground that the lateness of her claim was the result of the employer’s misrepresentations to her. She testified that the employer told her he had no insurance. However, on the day after the accident, her employer brought an insurance adjuster to see her. She indicated to her doctor that she had a compensation claim and had him send his medical findings to her attorney. Assuming the employer made the alleged misrepresentation to her, she did not rely on that statement. She apparently knew the misrepresentation was false. The evidence shows that she was aware of her rights before the expiration of the limitation period. Childs v. Miss. Industries for Blind, supra. Hence claimant has not shown actionable fraud or misrepresentation which would effectively estop the employer and insurance carrier from pleading the two-year statute of limitations. See McCain v. Cochran, 153 Miss. 237, 120 So. 823 (1929); Anderson Dunham, Inc. v. Aiken, 241 Miss. 756, 133 So.2d 527 (1961); 3 Larson, Workmen’s Compensation Law § 78.45 (1970) (excuses based on employer fault).
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, INZER and HARPER, JJ., concur.