Cleve Pete ALLEN, et al., Plaintiffs,

v.

TYSON FOODS, INC., Chris Hughes, Patrick Riley, Mack Walker, Bob Kalka and John Does, A, B, and, C Defendants

No. CIV.A.3:00CV243WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 19, 2001.

887

Crymes G. Pittman, Pittman, Germany, Roberts & Welsh, Jackson, MS, S. Wayne Easterling, S. Wayne Easterling, Attorney, Hattiesburg, MS, W. Terrell Stubbs, Terrell Stubbs, Attorney, Mendenhall, MS, Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for Cleve Pete Allen, June H. Allen, John P. Adcock, Jean Traxler, Richard Traxler, Gary Shows, Rebecca R. Wells, Floyd E. Wells, Ray Mullins, Jerry R. Warren, Bonnie Valentine, H.R. Valentine, Lenda V. Lane, Joyce Maddox, Perry Moore, Grady Hutchinson, Bobbie Nichols, plaintiffs.

Lewis W. Bell, John G. Corlew, Katherine K. Smith, Watkins & Eager, Jackson, MS, for Tyson Foods, Inc., Chris Hughes, Patrick Riley, Mack Walker, Bob Kalka, John Does, A, B and C, defendants.

## MEMORANDUM OPINION AND ORDER DENYING REMAND

WINGATE, District Judge.

Before the court is plaintiffs' motion to remand this action to the Chancery Court of Smith County, Mississippi, subsequent to defendants' removal of this lawsuit from that court to this federal court pursuant to Title 28 U.S.C. §§ 1331,[1] 1332(a),[2] and 1334(b),[3] the federal question, diversity, and bankruptcy jurisdiction statutes, respectively. Plaintiffs' motion filed under Title 28 U.S.C. § 1447(c)[4] is opposed by the defendants who argue that removal was appropriate. Because the court's finding of complete diversity is dispositive of the subject matter jurisdiction issue, defendants' assertions as to federal question and bankruptcy jurisdiction need not be discussed.

The proper parties, say defendants, are diverse in citizenship and the amount in

1. Title 28 U.S.C. § 1331 states in pertinent part:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. Title 28 U.S.C. § 1332(a) states:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between—
   (1) citizens of different States; ...

3. Title 28 U.S.C. § 1334(b) states:
   Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

4. Title 28 U.S.C. § 1447(c) states:
   (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

controversy exceeds $75,000, exclusive of costs and interest.[5] Further, say the defendants, Chris Hughes, Patrick Riley, Mack Walker, and Bob Kalka, non-diverse defendants, were fraudulently joined to the instant action. This court, having reviewed the submitted briefs, agrees with the defendants' assertions.[6] Accordingly, this court denies plaintiffs' motion to remand this action to state court.

## FACTS

■ Plaintiffs, Mississippi resident poultry growers, filed their complaint on February 25, 2000, in the Chancery Court of Smith County, Mississippi, against Tyson Farms, Inc. ("Tyson")[7]; four servicemen employees of Tyson, Chris Hughes, Patrick Riley, Mack Walker, and Bob Kalka; as well as "fictitious party" defendants.[8] In plaintiffs' complaint, they allege that Tyson "materially misled Plaintiffs as to the financial prospects of growing poultry for Defendant, Tyson"; that "Defendant, Tyson, has in the past and continues to the present to furnish substandard chicks to Plaintiffs"; that Tyson "has knowingly and willfully furnished to Plaintiffs substandard food for the chicks ..."; that "Defendant, Tyson, has deliberately and in bad faith taken certain actions that have resulted in the weighing of the chickens, which has resulted in financial loss to Plaintiffs;" and that "Defendant, Tyson, has imposed requirements on Plaintiffs under threat of refusing to provide chickens unless additional expenditures are made." Against the individual servicemen, plaintiffs allege the following in paragraphs XV, XVI and XVII:

### XV.

During the course of Plaintiffs' relationship with Defendant, Tyson, Plaintiffs had various Servicemen, named as Defendants herein, who would inspect and service their poultry operations.

### XVI.

These Servicemen, provided and gave incorrect, misleading and false information to Defendant, Tyson, and to Plaintiffs, all of which caused damage to Plaintiffs and which constitutes fraud and bad faith, and which entitles Plaintiffs to an injunction to prevent such action in the future and monetary damages.

### XVII.

Defendants, Servicemen's, actions toward Plaintiffs were willful, intentional and malicious thereby entitling Plaintiffs to punitive damages against these Defendants.

## LEGAL STANDARD AND DISCUSSION OF LAW

■ On March 27, 2000, defendants removed this action to federal court, contending that the four individual defendants had been fraudulently joined. A party

---

5. Plaintiffs are all adult resident citizens of Mississippi. Defendant Tyson Farms, Inc., is a diverse corporation with its principal place of business in Arkansas. Defendants Chris Hughes, Patrick Riley, Mack Walker, and Bob Kalka are all adult resident citizens of Mississippi.

6. Plaintiffs did not serve defendants nor provide this court with a memorandum brief in support of their motion to remand.

7. Plaintiffs wrongly sued Tyson Foods, Inc. Tyson Farms, Inc., is the entity with which the plaintiffs contracted, not Tyson Foods, Inc. Tyson Farms, Inc., is a wholly owned subsidiary of Tyson Foods, Inc.

8. The citizenship of fictitious party defendants A, B, and C is immaterial for purposes of diversity jurisdiction.

invoking the removal jurisdiction of the federal courts bears a heavy burden. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). To prove that a non-diverse defendant has been fraudulently joined in order to defeat diversity, the removing party must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

■ In reviewing a claim of fraudulent joinder, this court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. *Burden*, 60 F.3d at 216. If there is any possibility that the plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Id.*

■ The Fifth Circuit has consistently held that claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. *See, e.g., Carriere v. Sears Roebuck and Co.*, 893 F.2d 98 (5th Cir.1990). Although the district court "pierce(s) the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. *Burden*, 60 F.3d at 217.

This court's evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail. Mindful of this court's obligation to exercise diversity jurisdiction only in cases of complete diversity, the court will not authorize removal on the basis of fraudulent joinder unless there

is no possibility that the plaintiff could state a cause of action against the non-diverse defendant. *B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

■ To establish a cause of action for fraud in Mississippi, plaintiffs must show: "a representation; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of its truth; his intent that it should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of its falsity; his reliance on its truth; his right to rely thereon; [and] his consequent and proximate injury." *Boling v. A–1 Detective & Patrol Serv., Inc.*, 659 So.2d 586 (Miss.1995). These allegations must be stated with particularity. Miss. R. Civ. P. 9(b).

[6] This court has repeatedly ruled plaintiffs cannot defeat federal jurisdiction by general accusations of fraud against Mississippi residents. In *McArthur v. Time Ins. Co.*, 889 F.Supp. 938, 941 (S.D.Miss.1995), the court observed that fraud must be alleged "with particularity," and that "at a minimum" the complaint must allege "the particulars of time, place and contents of the false representations. . . ." Because of the lack of particularity, the court granted the motion to dismiss the Mississippi defendant, and denied plaintiff's motion to remand. Likewise, in *Hermes v. Hills and Metropolitan Life*, Civ. Action No. 1:96cv577GR (S.D.Miss. March 27, 1997), the court denied plaintiff's motion to remand, noting that the Fifth Circuit clearly requires specific facts constituting every element of the claim be included in the complaint. The court stated:

Under both federal law and Mississippi law, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity." Fed.R.Civ.P. 9(b); Miss. R. Civ. P. 9(b). The elements of a cause of action for fraud are: a representation; its falsity; its materiality; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent that it should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of its falsity and reliance on its truth; the right of the hearer to rely on the statement; and consequential and proximate injuries. *Boling v. A–1 Detective & Patrol Serv., Inc.*, 659 So.2d 586, 590 (Miss.1995).

Plaintiff maintains in count five of her complaint that "the defendants and/or its employees engaged in a pattern and practice of deception and misrepresentation regarding Hermes' annuity." There is no evidence of any specific statement which contains false information made with the intent to provide Hermes with false information or made to induce her to act. *Boling*, 659 So.2d at 590. In addition, at a minimum, the plaintiff must allege the time, place and content of the false representations. *Buford v. Howe*, 10 F.3d 1184, 1188 (5th Cir.1994), *reh'g denied*, February 12, 1994. Nowhere in the complaint, or in any information provided in support of the motion to amend or to remand, has Hermes outlined when or where such statement was made by Hills or anyone in MetLife/MIAC office to her. The record is also devoid of evidence that Hills had the intent to deceive Hermes by accepting her payments.... The absence of these crucial elements causes Hermes' fraud claim to be ineffectual. *McArthur v. Time Ins. Co.*, 889 F.Supp. 938, 942–43 (S.D.Miss.1995). The Court

finds, therefore, that the complaint fails to state a claim for fraud....

(Op., pp. 888–89, 889–90).

Defendants contend, on two grounds, that there is absolutely no possibility that plaintiffs will be able to establish a cause of action for fraud against the non-diverse individual defendants in state court. First, defendants argue that plaintiffs have failed to state with particularity their fraud claim. Mississippi law requires that fraud be stated with particularity. Miss. R. Civ. P. 9(b).[9] Defendants point out that the plaintiffs' complaint merely alleges that the servicemen gave "incorrect, misleading and false information" to the plaintiffs, without setting forth either the time, place or specific content of any purported misrepresentation on the part of the individual defendants.

Secondly, noting the appropriateness of a summary judgment-like procedure in this fraudulent joinder setting, defendants also assert that plaintiffs have not produced any evidence at all that the servicemen intended to deceive them at the time the alleged fraud occurred—an indispensable element of a fraud claim. In contrast, the defendants point to the individual defendants' affidavits stating that they never knowingly made a false statement to Tyson or to any Tyson growers, including plaintiffs.

■ Plaintiffs' complaint alleges, without any factual support, that the Tyson servicemen acted fraudulently by providing "incorrect, misleading and false information to Defendant Tyson, and to Plaintiffs...." And, although the individual servicemen, in response to plaintiffs' motion to remand, have submitted their affi-

9. Miss. R. Civ. P. 9(6) states:
    (b) Fraud, Mistake, Condition of Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

davits denying any intent to defraud, plaintiffs have not responded with any direct or circumstantial proof to the contrary. In the face of these defendants' denunciation of plaintiffs' accusations, plaintiffs have said nothing. Thus, this court must agree with defendants that because plaintiffs have failed to plead fraud with any particularity, and because the record is devoid of any evidence as to an essential element of fraud, plaintiffs have no possibility of prevailing on a fraud cause of action in state court.

█ Plaintiffs' claim is essentially a breach of contract action against Tyson. This breach of contract claim does not embrace the servicemen. First of all, Mississippi law is clear that only the principal under a contract—and not its agent—is liable for contractual obligations. *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518 (S.D.Miss.1992), *aff'd*, 14 F.3d 55 (5th Cir.1994) ("where defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal"); *Alcom Elec. Exch., Inc. v. Burgess*, 849 F.2d 964 (5th Cir.1988) (holding that agent could not be held liable for employer's failure to include plaintiff's advertisement in yellow pages); *Delta Const. Co. v. City of Jackson*, 198 So.2d 592 (Miss.1967) (dismissing engineers from lawsuit because they were not parties to the contract between the owners and the contractor). Because the servicemen were mere employees of Tyson, not parties to the contract between Tyson and plaintiffs and because plaintiffs allege no independent tort committed by these servicemen, this court concludes that the defendant servicemen cannot be held liable for breach of contract.

An additional reason persuades this court that plaintiffs here cannot hold the servicemen liable for breach of contract: plaintiffs never accused them of such. Plaintiffs' complaint in paragraphs XV, XVI, and XVII charges the servicemen only with fraud and bad faith, not breach of contract.

## CONCLUSION

Defendants have met their heavy burden in demonstrating that there is absolutely no possibility that the plaintiffs will be able to establish a cause of action in state court against the individual defendants for fraud and breach of contract. As such, the individual defendants' citizenship is disregarded, resulting in complete diversity. Because it is facially apparent from the complaint that the jurisdictional amount is satisfied, and because the proper parties are completely diverse in citizenship, this court denies plaintiffs' motion to remand this action to state court and retains this action by way of diversity jurisdiction, Title 28 U.S.C. § 1332.